UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
FILED
NOV 2 0 2017
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| | |
|---|---|
| Leo West, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 17-2053 (UNA) |
| ) | |
| ) | |
| Steven Mnuchin, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the application and dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute," and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. In addition, a complaint may be so "patently insubstantial" as to deprive a court of subject matter jurisdiction. *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009); *see Caldwell v. Kagan*, 777 F. Supp. 2d 177, 178 (D.D.C. 2011) ("A district court lacks

subject matter jurisdiction when the complaint 'is patently insubstantial, presenting no federal question suitable for decision.' ") (quoting *Tooley*, 586 F.3d at 1009).

Plaintiff, a District of Columbia resident, appears to bring a criminal charge against U.S. Treasury Secretary Steven Mnuchin, although he has offered no facts to support the charge. *See generally* Compl. (quoting 18 U.S.C. § 1001). Regardless, a private citizen "lacks standing" to initiate a criminal prosecution. *In re Bush*, No. 00-5303, 2000 WL 1946641, at *1 (D.C. Cir. Dec. 21, 2000) (citing *In re Kaminski*, 960 F.2d 1062, 1064 (D.C. Cir.1992); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989)). And "[t]he defect of standing is a defect in subject matter jurisdiction." *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987). Since "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency," *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996) (citation and internal quotation marks omitted), this case will be dismissed with prejudice. A separate order accompanies this Memorandum Opinion.

Date: November 6th, 2017

United States District Judge